UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSHUA SHEPARD  
        Plaintiff,  
v.  

CITY OF SUNNY ISLES BEACH,  
        Defendant.  
_____/

Case No.:

**COMPLAINT**

Plaintiff, JOSHUA SHEPARD, through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant, CITY OF SUNNY ISLES BEACH, upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("Section 1981") and Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA") seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to national origin discrimination, hostile work environment, and retaliation for complaints made as a whistleblower and for his exercise of paternity leave.

2. This action is to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination and harassment against Plaintiff because of his national origin and Defendants' retaliation against Plaintiff due to his complaints of discrimination, all leading to his constructive discharge.

**JURISDICTION AND VENUE**

3. This is an action for monetary damages and injunctive relief pursuant to FCRA § 760.10, and Section 1981.

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Section 1981.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

7. Plaintiff filed a claim with the Equal Employment Opportunity Commission.

8. Plaintiff's right to sue was issued on February 7, 2020. This Complaint is filed within ninety (90) days of the issuance of the right to sue.

9. Plaintiff has exhausted his administrative remedies.

## PARTIES

10. At all material times, Plaintiff JOSHUA SHEPARD (hereinafter referred to as "Plaintiff") is an individual British man residing in the State of Florida.

11. At all material times, Plaintiff identifies himself as a British man.

12. Plaintiff is a married man who has a child.

13. At all material times, Defendant, CITY OF SUNNY ISLES BEACH (hereinafter referred to as "Defendant" or "Sunny Isles"), is a municipality duly existing by the virtues and laws of the State of Florida that does business in the State of Florida.

## STATEMENT OF FACTS

14. At all material times, Plaintiff identifies himself as a British man.

15. Plaintiff is a married man with a child.

16. On or about November 15, 2014 Plaintiff was hired by Defendant as a maintenance employee.

17. Throughout the course of his employment with Defendant, Plaintiff was subjected to disparate treatment. While other non-British employees were given appropriate pay and title increases/promotions, Plaintiff was required to do various jobs outside his job description without any additional pay or amendment to his title.

18. Defendant failed to promote Plaintiff, but rather promoted other less-qualified non-British individuals over Plaintiff.

19. Plaintiff complained of the disparate treatment on several occasions, but no action was ever taken to remedy the situation. Rather, the treatment became worse following Plaintiff's complaints.

20. Plaintiff was told he should just "be happy [Plaintiff] has a job".

21. Plaintiff was also threatened with termination should he continue to complain or seek better paid positions.

22. On multiple occasions, Plaintiff applied for the Road Sweeper Truck position. Defendant advised Plaintiff he needed a CDL Class A driver's license to have that position, so he earned that certification. However, Defendant still promoted another non-British person who hadn't complained to Human Resources over Plaintiff. The person who was promoted did not have a CDL Class A license and was otherwise less qualified.

23. On multiple occasions, other employees who were less qualified than Plaintiff were promoted to the Road Sweeper Truck position over Plaintiff – those individuals were not British and had not complained to Human Resources.

24. By way of example, an employee who worked for Defendant for one week was promoted over Plaintiff when Plaintiff had been with the company for approximately one and a half years at the time.

25. At all material times, non-British employees in a similar position as Plaintiff were treated much better than Plaintiff despite Plaintiff being more qualified.

26. Throughout his course of employment with Defendant (approximately five years), comments were made about Plaintiff's national origin. By way of example, supervisors and other employees would say "Gooday mate" or "hello mate" to Plaintiff while laughing in an attempt to embarrass Plaintiff.

27. When Plaintiff's direct supervisor left his employment with Defendant, he advised Plaintiff to "be careful" because they are "going to come for [Plaintiff]".

28. Plaintiff complained of the discriminatory and retaliatory conduct to the City Attorney but was subsequently passed over for additional potential promotions and no action was taken to remedy the situation.

29. Following his complaints, Plaintiff's wife became pregnant and gave birth to their child. Plaintiff exercised his paternity leave but was threatened with termination for doing so.

30. Defendant's leave rules allow for conversion of vacation time to sick leave time for paternity leave, which is what Plaintiff did. However, Plaintiff was written up for doing so while other employees were able to do the same thing with no ramifications.

31. The above are just some of the examples of unlawful and discriminatory conduct to which Defendant subjected Plaintiff.

32. The discriminatory and retaliatory conduct was of an ongoing and continual nature.

33. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**AS A FIRST CAUSE OF ACTION**
**<u>FOR DISCRIMINATION UNDER TITLE VII</u>**

36. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

37. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a):

    "Employer practices: It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

38. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his national origin.

39. The discriminatory conduct directed at Plaintiff resulted in disparate treatment of the Plaintiff compared to those non-British employees.

40. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the Title VII, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

41. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under federal law.

42. Plaintiff has been damaged by the illegal conduct of Defendant.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER TITLE VII

43. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

44. Plaintiff was repeatedly passed over for promotions compared to those non-British, less qualified employees.

45. Following Plaintiff's complaints of the disparate and discriminatory treatment, Plaintiff was further discriminated against.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

    provides that it shall be unlawful employment practice for an employer:

    "(1) to … discriminate against any of their employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because she opposed Defendants' unlawful employment practices.

## AS A THIRD CAUSE OF ACTION FOR
## DISCRIMINATION UNDER STATE LAW

48. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the above numerated paragraphs.

49. As a result of his national origin, Defendant subjected and permitted its employees to expose Plaintiff to discrimination.

50. The FCRA prohibits Defendant Company from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

51. On a consistent basis throughout the course of his employment, Plaintiff's coworkers and supervisors made discriminatory comments about Plaintiff pertaining to his national origin.

52. Defendant violated the FCRA by discriminating against Plaintiff and subjecting Plaintiff to an unlawful discriminatory and harassing environment based his national origin, of which the Defendant were fully aware of as Plaintiff made Defendant aware of this conduct.

53. The discrimination directed at Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical and/or psychological health, work performance and to create and intimidating, hostile and offensive working environment.

54. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity,

humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

55. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

56. Conduct of Defendants and/or their agents deprived Plaintiff of his statutory rights guaranteed under state law.

57. Plaintiff has been damaged by the illegal conduct of Defendants.

## AS A FOURTH CAUSE OF ACTION FOR
## RETALIATION UNDER STATE LAW

58. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the above numerated paragraphs.

59. Plaintiff complained of discriminatory treatment based on his national origin. Following those complaints, Plaintiff was treated worse by Defendant.

60. Plaintiff complained to Human Resources and to the City Attorney.

61. At all times relevant, Plaintiff acted in good faith and with the objective and subjective belief that violations by Defendant's employees of FCRA had occurred.

62. At all times material, Defendant allowed the discriminatory practices to continue in the work environment.

63. At all times relevant, the unlawful discrimination by Defendant's employees against Plaintiff in the terms and conditions of his employment because she opposed a practice made unlawful by FCRA which would not have occurred but for that opposition.

64. Defendants engaged in unlawful employment practice prohibited by the FCRA by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

65. At all times relevant, Defendant's employees acted intentionally and with reckless disregard of Plaintiff's rights protected by FCRA.

66. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with Defendant.

67. As a direct and proximate result of Defendant's intentional retaliatory conduct in violation of the FCRA, Plaintiff suffered and will continue to suffer damages including lost wages and benefits, severe emotional distress, mental anguish, suffering, loss of dignity, humiliation, embarrassment, loss of reputation, and other pecuniary and non-pecuniary losses.

68. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the FCRA.

69. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

70. Plaintiff has been damaged by the illegal conduct of Defendant.

## AS A FIFTH CAUSE OF ACTION FOR
## PATERNITY DISCRIMINATION

71. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in the above numerated paragraphs.

72. On or about NEED DATE, Plaintiff asked his supervisor about paternity leave. Plaintiff was told, in line with Defendant's policies, that he can convert vacation time to sick leave, which

he did. While other non-British employees were not punished for doing so, Plaintiff was written up.

73. Defendant further threatened to terminate Plaintiff upon his return from paternity leave in retaliation for his use of leave he was entitled to.

74. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

75. Plaintiff has been damaged by the illegal conduct of Defendant.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant SUNNY ISLES for damages, including reinstatement, compensatory, and consequential damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant for all damages including compensatory, emotional distress, statutory, punitive damages, attorneys fees and costs in an amount to be determined at the time of trial and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful conduct.

Dated: May 7, 2020
      Miami, Florida

                                              Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

By: _/s/ *Sarah Waters*_____
Sarah Waters, Esq.
FL Bar No. 118496
701 Brickell Avenue
Suite 1310
Miami, FL 33131
swaters@dereksmithlaw.com